UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MIRANDA J. TRAUFLER,

       Plaintiff,

      v.                                                          7:11-cv-1089

MICHAEL J. ASTRUE,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

      This action brought pursuant to the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), was referred to the Hon. Earl S. Hines, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c). The Report and Recommendation dated November 30, 2012 recommends that the decision of the Commissioner be reversed and remanded for further consideration. Defendant filed timely objections to the Report and Recommendation.

**II.    STANDARD OF REVIEW**

      When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28

U.S.C. § 636(b)(1)(C).  Portions of the Report and Recommendation to which no objections are lodged are reviewed for clear error or manifest injustice.  After this review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

### III.    DISCUSSION

Magistrate Judge Hines found that the administrative law judge ("ALJ") did not apply the correct standard at step 2 of the sequential analysis, and that this error infected subsequent findings at steps 4 and 5.  Rep. Rec. pp. 11-13.  In this regard, Magistrate Judge Hines concluded that the ALJ erred by failing to specifically consider Plaintiff's nonexertional limitations[1] in determining Plaintiff's residual functional capacity and her ability to perform work in the national economy.  Id. pp. 12-13.

The Court has considered the Commissioner's objections but has determined to accept Magistrate Judge Hine's recommendation for the reasons stated therein. The Court is cognizant that although it must give deference to the Commissioner's decision, the Act is ultimately "'a remedial statute which must be "liberally applied;" its intent is inclusion rather than exclusion.'" *Vargas v. Sullivan*, 898 F.2d 293, 296 (2d Cir. 1990)(quoting *Rivera v. Schweiker*, 717 F.2d 719, 723 (2d Cir. 1983)).  Moreover, where the Commissioner has applied an incorrect legal standard, the decision cannot stand. *See Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999); *Balsamo v. Chater*, 142

---

[1] At page 12,  Magistrate Judge Hines discusses Plaintiff's uncontrolled asthma and depression.

F.3d 75, 79 (2d Cir. 1998); *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990); *Shane v. Chater*, No. 96-CV-66, 1997 WL 426203, at *4 (N.D.N.Y July 16, 1997)(Pooler, J.)(citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987))

### V.     CONCLUSION

For the reasons discussed above, the Court **ACCEPTS and ADOPTS** Magistrate Judge Hines' Report and Recommendation. This matter is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion and Magistrate Judge Hines' Report and Recommendation.

**IT IS SO ORDERED.**

Dared:  March 15, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge